UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

HARBOUR CAPITAL CORPORATION,   )
          Plaintiff,   )
          v.   )   Civil Action No.
ALLIED CAPITAL CORPORATION,   )   JURY TRIAL REQUESTED
          Defendant.   )

## PLAINTIFF'S COMPLAINT

This is an action for monetary damages by Harbour Capital Corporation against Allied Capital Corporation for tortious interference with contractual relations and unfair trade practices in violation of the New Hampshire Consumer Protection Act. Greenwood v. New Hampshire Public Utilities Commission, 527 F.3d 8, 14 (2008); N.H. RSA 358-A:2 (1995 & Supp. 2004).

## PARTIES

1. Plaintiff Harbour Capital Corporation ("Harbour Capital") is a New Hampshire corporation with its principal place of business at 11 Merrill Industrial Drive, Hampton, NH 03842.

2. Defendant Allied Capital Corporation ("Allied Capital") is a Maryland corporation with its principal place of business at 1919 Pennsylvania Avenue, NW, Washington, DC.

1

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is founded upon 28 U.S.C. § 1332 (a) (matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs) and 28 U.S.C. § 1332 (c) (1) (diversity of corporate citizenship).

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391 (c).

## FACTS

5. Harbour Capital is in the business of equipment leasing financing throughout the United States.

6. Allied Capital provides debt and equity financing to private, middle market companies and is among the largest business development companies in the United States. Allied Capital has investments in 117 companies operating across a variety of industries.

7. Financial Pacific Leasing, LLC ("FinPac") is a subsidiary of Allied Capital. FinPac is a direct provider of small-ticket, commercial equipment leases. FinPac originates business through partnering with a nationwide network of independent finance brokers and lessors.

8. FinPac has a principal place of business in the State of Washington.

9. In or around August 2001, Harbour Capital and FinPac entered into an ongoing Broker Agreement whereby Harbour Capital acts as a broker, referring transactions to FinPac in exchange for a commission. See Broker Agreement attached as Exhibit A.

10. From August 2001 through October 2008, the Broker Agreement was mutually profitable for both Harbour Capital and FinPac.

11. Direct Capital Corporation ("Direct Capital") is also a subsidiary of Allied Capital.

12. Direct Capital has a principal place of business in Portsmouth, New Hampshire and is a direct competitor of Harbour Capital in the business of equipment leasing financing throughout the United States.

13. In April 2007, Harbour Capital commenced litigation against Direct Capital and others in Rockingham County Superior Court. This litigation is ongoing and trial is scheduled to go forward in 2009.

14. In September and early October 2008, the world financial markets tumbled into an unprecedented downturn. This economic downturn has adversely impacted businesses in the financial services industry.

15. Allied Capital knew of Harbour Capital's ongoing economic relationship with FinPac.

16. In or around October 2008, Allied Capital intentionally and improperly interfered with Harbour Capital's relationship with FinPac by instructing FinPac to discontinue its relationship with Harbour Capital.

17. Allied Capital instructed FinPac to terminate its relationship with Harbour Capital due to the ongoing legal issues Harbour Capital is having with Direct Capital.

18. FinPac informed Harbour Capital of Allied Capital's instructions in an October 20, 2008 telephone conversation and in an October 21, 2008 letter to Harbour Capital's President, Chip Kelley. See October 21, 2008 Letter attached as Exhibit B.

19. At the time Allied Capital instructed FinPac to terminate its relationship with Harbour Capital, it was in FinPac's economic interests to continue its relationship with Harbour Capital.

20. Allied Capital employed wrongful means when instructing FinPac to terminate its relationship with Harbour Capital.

21. Allied Capital's interference with Harbour Capital's business relationship has financially damaged Harbour Capital.

## COUNT I

### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

22. Harbour Capital hereby realleges and incorporates by reference the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Harbour Capital had an economic relationship with FinPac.

24. Allied Capital knew of that relationship.

25. Allied Capital intentionally, improperly and in bad faith interfered with that relationship, motivated by the litigation between its subsidiary, Direct Capital and Harbour Capital.

26. Harbour Capital was damaged by such interference and is entitled to its actual damages as well as the costs of suit and reasonable attorneys' fees.

## COUNT II

### UNFAIR TRADE PRACTICES UNDER RSA 358-A:2

27. Harbour Capital hereby realleges and incorporates by reference the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Allied Capital is a person within the meaning of RSA 358-A:1, I.

29. At all times relevant to the facts set forth herein, Allied Capital was engaged in trade or commerce within the State of New Hampshire within the meaning of RSA 358-A:1, II.

30. Allied Capital engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of trade or commerce within the State of New Hampshire by instructing FinPac to discontinue its relationship with Harbour Capital due to the ongoing legal issues Harbour Capital is having with Direct Capital.

31. Allied Capital's conduct was willful and knowing.

32. As a direct and proximate cause of such unfair methods of competition and/or unfair or deceptive acts or practices, Harbour Capital is entitled to its actual damages; plus double or treble damages as well as the costs of suit and reasonable attorneys' fees pursuant to RSA 358-A:10.

## COUNT III

### ENCHANCED COMPENSATORY DAMAGES

33. Harbour Capital hereby realleges and incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Allied Capital's actions were wanton, malicious and oppressive entitling Harbour Capital to an award of enhanced compensatory damages under New Hampshire law.

WHEREFORE, Harbour Capital requests:

a. That Allied Capital be required account to Harbour Capital for lost profits and actual damages suffered as the result of Allied Capital's intentional, improper and bad faith interference with Harbour Capital's business relationship with FinPac, an act which was motivated by the litigation between Allied Capital's subsidiary, Direct Capital and Harbour Capital;

b. That Allied Capital be required to pay Harbour Capital's attorneys' fees and costs of this suit because of its unfair acts, pursuant to RSA 358-A:10;

c. That Allied Capital be compelled to pay treble damages as the result of its willful or knowing violation of the New Hampshire Consumer Protection Act, as provided by RSA 358-A:2, A:10;

d. That Allied Capital be compelled to pay enhanced compensatory damages;

e. That Harbour Capital shall have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

Harbour Capital Corporation
By Its Attorneys:
SHAHEEN & GORDON, P.A.

Dated: December 8, 2008

/s/ William E. Christie
William E. Christie
NH Bar #11255
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
wchristie@shaheengordon.com